**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON**

| | | |
|---|---|---|
| PENN-STAR INSURANCE COMPANY, | : | CASE NO.: 2:23-cv-166-DCR-CJS |
| | : | |
| Plaintiff, | : | <u>DISTRICT JUDGE</u> |
| | : | DANNY C. REEVES |
| v. | : | |
| | : | <u>MAGISTRATE JUDGE</u> |
| ARAL, INC. d/b/a THE BRASS BULL, | : | CANDACE J. SMITH |
| et al., | : | |
| | : | **<u>PLAINTIFF'S RULE 12(c) MOTION</u>** |
| Defendants. | : | **<u>FOR JUDGMENT ON THE PLEADINGS</u>** |

COMES NOW Plaintiff Penn-Star Insurance Company ("Penn-Star"), by and through its undersigned counsel, and, pursuant to Rule 12(c) and other applicable law, hereby respectfully moves this Court to enter judgment on the pleadings in its favor. In support of this motion, Penn-Star states as follows:

## <u>BACKGROUND FACTS</u>

This is a liability insurance coverage case.

Penn-Star issued a commercial general liability insurance policy ("Policy") to Aral, Inc. dba The Brass Bull ("The Brass Bull"). Penn-Star's Complaint at ¶ 1; Insureds' Answer at ¶ 1. The Brass Bull and its owners, Armina Lee and Roger Peterson, (collectively, "Insureds") were sued in Kentucky state court by Lori Richter, as Administratrix of the Estate of Joseph Richter Jr., as a result of an incident at The Brass Bull wherein Joseph Richter Jr. was shot and killed by Robert McKay, a customer of The Brass Bull. Penn-Star's Complaint at ¶ 2; Insureds' Answer at ¶ 2. Penn-Star is defending its Insureds against that lawsuit ("Underlying Lawsuit") under a complete reservation of rights. Penn-Star's Complaint at ¶ 3; Insureds' Answer at ¶ 3.

Penn-Star filed the instant declaratory judgment action to determine whether it has any duty to defend or indemnify its Insureds against the Underlying Lawsuit. In its Complaint at ¶ 6,

Penn-Star identified several Policy defenses that separately and independently apply to preclude coverage for the Underlying Lawsuit. Two of these defenses – the Assault Or Battery Exclusion and the Firearms Exclusion – apply as a matter of law based upon the allegation contained at ¶ 17 of the Complaint filed in the Underlying Lawsuit: "Robert McKay suddenly and without provocation pulled out a gun which he had concealed on his person, and aimed the gun at Joseph Robert Richter, Jr., and shot Joseph Robert Richter, Jr. multiple times in the chest." Penn-Star's Complaint at ¶ 2; Insureds' Answer at ¶ 2.

## POLICY LANGUAGE

The Policy generally provides coverage for damages because of "bodily injury" caused by an "occurrence."

The Policy contains the following Assault Or Battery Exclusion:

A. This insurance does not apply to "bodily injury" . . . arising out of an "assault" or "battery" that occurs in, on, near or away from the premises shown in the Schedule above, whether or not:

1. Caused by, at the instigation of, or with the direct or indirect involvement of an insured, an insured's "employee", subcontractor, "temporary worker", volunteer worker, patron or other person in, on, near or away from the premises shown in the Schedule above; or

2. Caused by or arising out of an insured's failure to properly supervise or keep an insured's premises in a safe condition; or

3. Caused by or arising out of any insured's act or omission in connection with the prevention, suppression, or failure to warn of the "assault" or "battery", including but not limited to, negligent hiring, training or supervision.

4. Caused by or arising out of negligent, reckless, or wanton conduct by an insured, an insured's employees, patrons or other persons.

2

B. For purposes of this endorsement, the following definitions are added:

1. "Assault" means any intentional act, or attempted act or threat to inflict injury to another, including any conduct that would reasonably place another in apprehension of injury, including but not limited to physical injury, intimidation, verbal abuse, and any threatened harmful or offensive contact between two (2) or more persons.

2. "Battery" means the intentional or reckless use of force, including a physical altercation or dispute between persons, or offensive touching against another, resulting in injury, whether or not the actual injury inflicted is intended or expected. The use of force includes, but it not limited to the use of a weapon.

The Policy also contains the following Firearms Exclusion:

This insurance does not apply to "bodily injury" . . . arising out of the use, sale, or demonstration of firearms or other weapons by any person, whether or not caused:

1. By, at the instigation of, or with the direct or indirect involvement of you or your employees, patrons or other persons in, on, near or away from your premises;

2. By or arising out of, your failure to properly supervise or keep your premises in a safe condition;

3. By or arising out of, any insured's act or omission in connection with the prevention, suppression or failure to warn, including but not limited to negligent hiring, training and/or supervision; or

4. By or arising out of, negligent, reckless or wanton conduct by you, your employees, patrons or other persons.

## **LAW AND ARGUMENT**

**A.     Rule 12(c) Standard**

As this Court succinctly summarized in Dempsey v. City of Lawrenceburg, 2010 U.S. Dist.

LEXIS 96323, *4 (E.D. Ky. Sep. 14, 2010):

3

> The Court may properly grant judgment on the pleadings when the moving party "is entitled to judgment as a matter of law." Rawe v. Liberty Mut. Fire Ins. Co., 462 F.3d 521, 526 (6th Cir. 2006). The Court must take all the "well pleaded material allegations of the pleadings of the opposing party" as true. Id. Further, on a motion for judgment on the pleadings, the Court may look only to the pleadings themselves and exhibits incorporated by reference into the complaint. Weiner v. Klais & Co., 108 F.3d 86, 88 (6th Cir. 1997). In other words, the Court is explicitly limited to the facts alleged within the pleadings.

### B.    General Kentucky Insurance Law

"[T]he words employed in insurance policies, if clear and unambiguous, should be given their plain and ordinary meaning. . . . [I]f no ambiguity exists, a reasonable interpretation of an insurance contract is to be consistent with the plain meaning of the language in the contract." Pryor v. Colony Ins., 414 S.W.3d 424, 430 (Ky. App. 2013); accord State Auto. Mut. Ins. Co. v. Sec. Taxicab, 144 Fed. Appx. 513, 517 (6th Cir. 2005). In the absence of ambiguities which call the meaning of a policy into question, the terms of a policy of insurance are to be enforced as written. Kemper Natl. Ins. Cos. v. Heaven Hill Distilleries, 82 S.W.3d 869, 873 (Ky. 2002); Goodman v. Horace Mann Ins. Co., 100 S.W.3d 769, 772 (Ky. App. 2003). "[C]ourts should not rewrite an insurance contract to enlarge the risk to the insurer." St. Paul Fire & Marine Ins. Co. v. Powell-Walton-Milward, 870 S.W.2d 223, 226-227 (Ky. 1994). "[R]easonable conditions, restrictions, and limitations on insurance coverage are not contrary to Kentucky public policy." Eyler v. Nationwide Mut. Fire Ins. Co., 824 S.W.2d 855, 859 (Ky. 1992).

"The party seeking to establish coverage bears the burden of establishing that the incident at issue was within the scope of the policy. The burden is on the insurer to establish that an exclusion bars coverage." Pasha v. Commonwealth Land Title Ins. Co., 2014 Ky. App. Unpub. LEXIS 845, *9-10 (Oct. 31, 2014) (collecting cases).

4

### C.    The Policy Does Not Provide Coverage For The Claims Asserted Against The Insureds In The Underlying Lawsuit

#### 1.    *The Assault Or Battery Exclusion*

The Policy generally provides coverage for damages because of "bodily injury" caused by an "occurrence" but excludes coverage for "'bodily injury' . . . arising out of an 'assault' or 'battery.'"

Assault or battery exclusions are valid and enforceable in Kentucky.  E.g., United Specialty Ins. Co. v. Cole's Place, 936 F.3d 386, 404-407 (6th Cir. 2019) and Burlington Ins. Co. v. Greenwood Rollerdrome, 420 F. Supp. 3d 632, 642-643 (W.D. Ky. 2019).  Additionally, Kentucky interprets the phrase "arising out of" broadly and expansively.  E.g., United Specialty Ins. Co. v. Cole's Place, 936 F.3d 386, 406 (6th Cir. 2019) (collecting cases).

Here, the Underlying Lawsuit for which the Insureds seek coverage under the Policy arises out of Joseph Robert Richter Jr. being shot multiple times at The Brass Bull.  Such a shooting is unquestionably an assault or battery that falls within the Policy's Assault Or Battery Exclusion; indeed, the policy's definition of "battery" explicitly includes "the use of a weapon."

#### 2.    *The Firearms Exclusion*

The Policy generally provides coverage for damages because of "bodily injury" caused by an "occurrence" but excludes coverage for "'bodily injury' . . . arising out of the use, sale, or demonstration of firearms or other weapons by any person."

Firearms exclusions have apparently not yet been interpreted by Kentucky courts. However, as noted above, unambiguous terms of insurance policies should be enforced, insurance policies should not be rewritten to enlarge insurers' risk, and coverage exclusions are generally not contrary to Kentucky public policy.  E.g., Kemper Natl., 82 S.W.3d 869, Goodman, 100 S.W.3d 769, St. Paul Fire, 870 S.W.2d 223, and Eyler, 824 S.W.2d 855.

5

Additionally, the overwhelming majority of courts sitting in other states have held that firearms exclusions are valid and enforceable.  E.g., Hernandez v. Great Am. Alliance Ins. Co., 879 S.E.2d 522 (Ga. App. 2022), Markel Internatl. Ins. Co. v. Montgomery, 178 N.E.3d 637 (Ill. App. 2020), Jackson-Brown v. Monford, 2013 Ohio App. LEXIS 552 (Feb. 21, 2013), Capitol Specialty Ins. Corp. v. JBC Entertainment Holdings, 289 P.3d 735 (Wash. App. 2012), Williams v. Andrus, 74 So. 3d 818 (La. App. 2011), Clarendon Natl. Ins. Co. v. Pine Tree, 2006 N.J. Super. Unpub. LEXIS 2781 (N.J. App. Apr. 11, 2006), Farmbrew Realty Corp. v. Tower Ins. Co., 2001 N.Y. App. Div. LEXIS 12138 (Dec. 10. 2001), Petty v. U.S. Liab. Ins. Co., 2022 U.S. Dist. LEXIS 56111 (D.S.C. Jan. 11, 2022), Associated Indus. Ins. Co. v. Ridgewyck Ventures, 2020 U.S. Dist. LEXIS 38966 (D. Utah Mar. 4, 2020), Associated Indus. Ins. Co. v. A&B Apts., 2019 U.S. Dist. LEXIS 239735 (N.D. Ga. Dec. 26, 2019), Hudson Specialty Ins. Co. v. Snappy Slappy, 2019 U.S. Dist. LEXIS 73706 (M.D. Ga. May 1, 2019), Eberhardinger v. City of York, 341 F. Supp. 3d 420 (M.D. Pa. 2018), AIX Specialty Ins. Co. v. Sombreros, 2018 U.S. Dist. LEXIS 57889 (M.D. Fla. Apr. 5, 2018), Powe v. Chartis Specialty Ins. Co., 2017 U.S. Dist. LEXIS 180490 (N.D. Ga. June 1, 2017), U.S. Liab. Ins. Co. v. Griffith, 2017 U.S. Dist. LEXIS 182001 (N.D. Ga. May 9, 2017), U.S. Liab. Ins. Co. v. Parchman, 2013 U.S. Dist. LEXIS 81715 (S.D. Ind. June 11, 2013), Tower Ins. Co. v. Bilu Holdings, 2012 U.S. Dist. LEXIS 205088 (S.D. Fla. Oct. 16, 2012), Tower Ins. Co. v. Lormejuste, 2012 U.S. Dist. LEXIS 77618 (N.D. Fla. Apr. 23, 2012), Markel Internatl. Ins. Co. v. 2421 Salam, 2009 U.S. Dist. LEXIS 42304 (E.D. Pa. Mar. 31, 2009), Markel Internatl. Ins. Co. v. Saniff, 2007 U.S. Dist. LEXIS 110149 (S.D. Tex. Dec. 20, 2007), Johnson v. Lawson, 2021 N.J. Super. Unpub. LEXIS 3806 (Nov. 16, 2021), U.S. Underwriters Ins. Co. v. George H. Imhof Post 153 of the Am. Legion State of Pa., 2021 Phila. Ct. Com. Pl. LEXIS 19 (June 30, 2021), Jackson-Brown v. Monford, 2012 Ohio Misc. LEXIS 6598 (June 22, 2012), and Tower Ins. Co. of N.Y. v. Memories Lounge & Restaurant, 2011 N.Y. Misc. LEXIS 1305 (Mar. 29, 2011).

6

Further, the Policy's Firearms Exclusion utilizes the phrase "arising out of," which Kentucky interprets broadly and expansively.  E.g., <u>Cole's Place</u>, 936 F.3d at 406.

Here, the Underlying Lawsuit for which the Insureds seek coverage under the Policy arises out of Joseph Robert Richter Jr. being shot multiple times at The Brass Bull.  Such a shooting unquestionably falls within the Policy's Firearms Exclusion, which extends to "the use . . . of firearms . . . by any person."

**D.      Penn-Star Owes No Duty To Defend The Insureds Against The Underlying Lawsuit**

"The duty to defend is separate and distinct from the obligation to pay any claim."  <u>James Graham Brown Found. v. St. Paul Fire & Marine Ins. Co.</u>, 814 S.W.2d 273, 279 (Ky. 1991).

"The insurer has a duty to defend if there is any allegation which potentially, possibly or might come within the coverage of the policy.  The insurance company must defend any suit in which the language of the complaint would bring it within the policy coverage regardless of the merit of the action."  <u>Id.</u>; accord <u>Vance v. Cincinnati Ins. Co.</u>, 1986 Ky. App. LEXIS 1231, *8 (Sept. 19, 1986).

As the Kentucky Supreme Court has explained:

> If the insurer believes there is no coverage, it has several options. One is to defend the claim anyway, while preserving by a reservation of rights letter its right to challenge the coverage at a later date.  Another is to elect not to defend.  However, should coverage be found, the insurer will be liable for all damages naturally flowing from the failure to provide a defense.  This includes damages for reimbursement of defense costs and expenses if the insured hires his own lawyer, and in some instances, the amount of a default judgment, if he does not.

<u>Aetna Cas. & Sur. Co. v. Commonwealth</u>, 179 S.W.3d 830, 841 (Ky. 2005).

In this case, Penn-Star chose to defend its Insureds under a under a complete reservation of rights and challenge coverage via this declaratory judgment action.  The claims asserted against

the Insureds in the Underlying Lawsuit, as explained above, arise out of a shooting that falls within the ambit of the Policy's Assault Or Battery Exclusion and Firearms Exclusion. Because no coverage is provided by the Policy, Penn-Star owes no corresponding duty to defend.

## CONCLUSION

The pleadings conclusively establish that the Policy provides no coverage for the Underlying Lawsuit asserted against the Insureds because the shooting of Joseph Richter Jr. falls within the Assault Or Battery Exclusion and the Firearms Exclusion. Consequently, Penn-Star owes no duty to defend the Insureds against the Underlying Lawsuit or indemnify any judgment entered against the Insureds in the Underlying Lawsuit.

WHEREFORE, Penn-Star is entitled to judgment as a matter of law, and its Rule 12(c) motion should be GRANTED.

Respectfully submitted,

*/s/ Matthew F.X. Craven*
Carmen C. Sarge
Matthew F.X. Craven
Rolfes Henry Co., LPA
18 W. 9th Street
Cincinnati, Ohio 45202
(513) 579-0080 – Phone
(513) 579-0222 – Fax
csarge@rolfeshenry.com
mcraven@rolfeshenry.com
*Counsel for Plaintiff*
*Penn-Star Insurance Company*

8

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Penn-Star's Rule 12(c) Motion for Judgment on the Pleadings

was filed electronically via the CM/ECF system on the 16th day of April, 2024 and served via U.S.

Mail or e-mail upon the following:

Randy J. Blankenship, Esq.
C. Ed Massey, Esq.
Blankenship Massey & Associates, PLLC
504 Erlanger Road
Erlanger, KY 41018
rblankenship@nkylawyers.com
cedmassey@nkylawyers.com
*Counsel for Defendant, Lori Richter,*
*Administratrix of the Estate of Joseph Richter Jr.*

Margo L. Grubbs, Esq.
Grubbs & Landry, PLLC
334 Beechwood Road, Suite 503
Ft. Mitchell, KY 41017
margo@grubbslaw.com
*Counsel for Defendants Aral, Inc. d/b/a The Brass Bull,*
*Armina Lee, and Roger Peterson*

Thomas L. Rouse, Esq.
Thomas Rouse Law
334 Beechwood Road, Suite 550
Ft. Mitchell, KY 41017
tom@thomasrouselaw.com
*Counsel for Defendants Aral, Inc. d/b/a The Brass Bull,*
*Armina Lee, and Roger Peterson*

　　　　　　　　　　　　　　*/s/ Matthew F.X. Craven*
　　　　　　　　　　　　　　Matthew F.X. Craven
　　　　　　　　　　　　　　Rolfes Henry Co., LPA
　　　　　　　　　　　　　　*Counsel for Plaintiff*
　　　　　　　　　　　　　　*Penn-Star Insurance Company*

9